UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

GENERATION MINISTRIES, INC.,          Case No. 07-32396-dof
         Chapter 7 Proceeding
        Debtor.          Hon. Daniel S. Opperman
_____/

OPINION

Introduction

The attorneys for the Chapter 11 Debtor, Generation Ministries, Inc., filed an application for compensation seeking an award of fees of $24,357.00 and reimbursement of expenses of $452.36. The attorneys received a retainer in the amount of $17,158.00 prior to the filing of the Chapter 11 Petition. The Debtor's Chapter 11 proceeding was converted to a Chapter 7 proceeding on February 26, 2008. On March 6, 2008, the Debtor's counsel filed the application for fees and expenses. The Chapter 7 Trustee, Samuel Sweet, objected to this application. This Opinion addresses the objections of Trustee Sweet, as well as the appropriateness of the fees and expenses requested as required by the Bankruptcy Code.

Findings of Fact

The Debtor's Chapter 11 Petition was filed with this Court on July 25, 2007. A review of the Schedules and Statement of Financial Affairs discloses that the Debtor was an owner of a large parcel of real estate in Livingston County valued at $4,200,000. The Debtor's real estate consisted of a building housing exercise and fitness equipment operated by an entity known as Family Fitness Factory. Family Fitness Factory leased this building from the Debtor. The remaining real property

1

of approximately 73 acres was previously used as a campground with outdoor recreational activities commonly found in the State of Michigan. Total assets were scheduled as $4,278,000 with liabilities reported at $3,526,000.

The Debtor's largest single creditor is First National Bank in Howell, which was owed approximately $2,400,000 at the time the Debtor filed its Chapter 11 Petition. On October 3, 2007, the Debtor requested the Court to approve the employment of Preview Properties, Inc., for the purpose of selling the real estate. The Court granted the Debtor's request via an Order dated October 3, 2007. The Debtor filed a Combined Plan and Disclosure Statement on November 26, 2007, the deadline established by the Court for the filing of this document. The Court determined that the Disclosure Statement merited preliminary approval pursuant to an Order dated October 6, 2007. On December 21, 2007, First National Bank in Howell filed a Motion to Convert the Chapter 11 proceeding to Chapter 7. Counsel for the Debtor filed a response to the Motion to Convert on January 17, 2008. On February 22, 2008, the Debtor consented to conversion to Chapter 7.

In his objection to the Debtor's counsel's application for fees and expenses, the Trustee argues that the initial Chapter 11 filing by the Debtor was inappropriate because the Debtor had no chance or hope of reorganizing as a Chapter 11 Debtor. The Trustee also argues that the services rendered by Debtor's counsel actually benefitted Family Fitness Factory, the acknowledged tenant of a building owned by the Debtor. The Trustee argues that services provided by applicant were not beneficial to the Debtor and, therefore, should not be paid by the Debtor's estate.

Statement of Authorities

2

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Section 330 provides the starting point for the Court's consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *In re Boddy*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation "multipl[ies] the attorney's reasonable hourly rate by the number of hours reasonably expended." *Id*. at 337 (citations omitted).

The *Boddy* court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

## Analysis

In January, 2007, when the Debtor filed its Chapter 11 Petition it had a number of avenues available to it to successfully reorganize. The Debtor could have obtained refinancing utilizing the acknowledged equity enjoyed by the Debtor, or the Debtor could have attempted to negotiate with its largest creditor, First National Bank in Howell, to recast and restate the terms of the Debtor's obligations to the bank. In conjunction with these options, the Debtor could have reopened the campground or leveraged the rental income that the Debtor should have received from Family Fitness Factory to either pay a refinanced or renegotiated term loan. Alternatively, as the Debtor ultimately realized in late fall, 2007, the Debtor could have attempted to sell some or all of its real estate and either pay all creditors in full, or pay a portion of its creditors and repay the remaining creditors over a period of time.

Unfortunately for the Debtor, none of these alternatives were realized. The Trustee argues that counsel for the Debtor should be prohibited from receiving any payment because of this failure. While the Court agrees with the Trustee that in the proper case denial of attorney fees and costs is appropriate, the instant case is not the appropriate case. A review of the Schedules and Statement of Financial Affairs indicates that upon the bankruptcy filing, the Debtor had a number of options available to it, and it enjoyed a significant equity cushion. With these facts alone, the Court

4

concludes that it is improper for the Court to summarily deny an application for attorney fees and, therefore, overrules the objection of the Trustee as to that argument.

As to the argument that Debtor's counsel provided services to Family Fitness Factory, the Court notes that Family Fitness Factory was a tenant of the Debtor. A review of Exhibit C of the application for compensation reveals a number of entries by Debtor's counsel conferring with Ms. Brimer, the attorney for Family Fitness Factory, as well as principals of the Debtor. To the extent that these entries appear to show that the applicant was providing services to the Debtor, the Court will allow compensation for such services. The Court will not, however, allow for compensation for services detailed under the sub-category of "Family Fitness Factory" which are inappropriate under the circumstances. These services consisted of 2.4 hours of services valued at $696.00, which the Court will disallow as fees for the applicant.

Compounding the Court's difficulty in analyzing the situation is the later determination that Family Fitness Factory was really an entity owned by the Debtor. For reasons unknown to the Court, this fact was not known by counsel for the Debtor and was only determined after the Chapter 7 Trustee's investigation. Keeping this determination in mind, the Court has reviewed the application and has noted a number of entries that are unnecessary. Debtor's counsel expended time and energy negotiating and discussing a matter with other counsel rather than the Debtor itself when the entity in question was owned and controlled by the Debtor. The Court finds that the following entries are not compensable:

| Date | Time | Amount |
|---|---|---|
| 08/27/2007 | .10 | $29.00 |
| 08/30/2007 | .40 | $116.00 |
| 09/19/2007 | .60 | $174.00 |
| 09/21/2007 | .30 | $87.00 |
| 11/08/2007 | .20 | $58.00 |
| 11/08/2007 | .10 | $29.00 |
| 11/13/2007 | .30 | $87.00 |
| 11/19/2007 | .70 | $203.00 |
| 11/19/2007 | .30 | $87.00 |
| 11/27/2007 | .70 | $203.00 |
| 12/10/2007 | .40 | $116.00 |
| 12/19/2007 | .30 | $87.00 |
| 01/24/2008 | .10 | $29.00 |

These entries total 4.5 hours for a value of $1,305.00 that are likewise disallowed.

Accordingly, applicant is allowed attorney fees of $22,356.00, the product of $24,357.00 minus $2,001.00. Expenses as requested in the amount of $452.36 are allowed.

The Court has entered an Order consistent with this Opinion.

**Signed on June 27, 2008**

                                        **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**